WILLIAMSON, J.,
This matter pending before the court is a petition for approval of settlement of wrongful death and survival claim. The decedent, Thomas Zaleski, died as a result of a head-on automobile collision on December 1, 2010. An estate was raised and the decedent’s daughter, Tara Marie Zaleski was appointed administratrix of the intestate estate. The liability insurance carrier for the driver who caused the collision tendered policy limits, which were deemed inadequate for the loss suffered. The estate filed a writ of summons for wrongful death and survival against Donegal Mutual Insurance Company for underinsured motorist benefits. The parties reached an agreement to settle for the global sum of $157,500, prior to a complaint being filed or any *509 further litigation.
At a hearing held January 30, 2015 on the petitioner’s request, the petitioner noted that they contacted the Pennsylvania Department of Revenue to obtain consent to a proposed apportionment of the settlement proceeds with 100% allocated to the wrongful death claim and 0% to the survival claim. The petitioner argued that the decedent suffered a near instantaneous death with little to no conscious pain and suffering. The petitioner also asserted that as a result, the survival action is a doubtful claim, and need not be litigated. The petitioner also presented a report by the Center for Forensic Economic Studies in support of the petitioner’s claim that costs to pursue a survival claim that might exist above the compensation for the wrongful death action would be almost as much as the hoped for recovery for the survival action.
The Pennsylvania Department of Revenue was served notice of the petition and hearing date; however, they chose not to attend the hearing. In Monroe County, the court traditionally has only scheduled a hearing in wrongful death and survival actions when an interested party contests, or where the department of revenue is not in agreement with the proposed allocation. A hearing was scheduled in this case at the petitioner’s request. Although the department of revenue chose not to attend the hearing, they did send petitioner a letter, received the day before the hearing, that it would only agree to a 50% — 50% allocation of the settlement proceeds between wrongful death and survival claims. The department of revenue noted in their letter, admitted into evidence as petitioner’s Exhibit 1, that the beneficiaries of the estate are adult children, not dependent upon the decedent, and therefore suffered limited pecuniary (financial) loss.
We note this is a similar response by the department of *510 revenue as cited by the Honorable Terrance R. Nealon of Lackawanna County in Galletti v. Taylor Longterm Care Centers, Inc., et al, No. 2008-CIV-3740 (Lack. Cty. May 5, 2011, Nealon, J.). In that case, the department of revenue disputed an 85%-15% allocation between wrongful death and survival action. Instead, the department of revenue wanted a 50-50 allocation. Judge Nealon noted that the department of revenue also only objected in writing, and failed to attend the hearing scheduled following notice to the department. In that case, the department cited as a basis for the objection that the beneficiary did not suffer any pecuniary loss. Judge Nealon eventually awarded the allocation of 85-15 between wrongful death and survival as the beneficiary had pecuniary loss and therefore was limited damages under the survival action.
The importance of this issue is related to taxation of proceeds. In a wrongful death and survival action, the wrongful death proceeds are not part of the estate and are not subject to Pennsylvania Inheritance Tax. Survival action proceeds are considered part of the estate, and therefore, subject to Pennsylvania Inheritance Tax on the proceeds passing to beneficiaries. This treatment of proceeds for purposes of taxation is equally important to the estate and survivors, as well as the department of revenue. One would think it would be important enough for the department of revenue to attend a hearing in the matter, or at least file a formal objection. The department did not take either action in this case.
Damages in a wrongful death action are to compensate the surviving spouse, children or parents for hospital/ medical/burial expenses, loss of contributions from the decedent, and loss of service as a mother or father to children. Damages in a survival action are designed to compensate the decedent’s estate for losses suffered by the decedent himself, including conscious pain and suffering *511 and wage loss.
In this case, the petitioner provided convincing evidence that the decedent suffered little conscious pain and suffering as the decedent’s death was nearly instantaneous to the accident. We note that there is some economic loss for future net earnings that would be attributable to the survival action. See Petitioner’s Exhibit 2. However, such loss does not warrant a 50-50 allocation as the department of revenue notes in their letter. There were hospital, medical and burial expenses. Although decedent’s children are adults, they did lose a relatively young father (age 58). Petitioner also testified convincingly to the loss of the decedent’s services and guidance. This included being a doting father who worked on their vehicles (he was a mechanic) and visited with them regularly.
In light of the minimal pain and suffering incurred by the decedent, combined with the credible testimony of the petitioner, and the lack of formal objection or appearance by the department of revenue, we will approve an allocation of the proceeds at 85% to the wrongful death action and 15% to a survival action. We make this finding as there was some economic loss to the estate due to the decedent’s death from his future wage loss. While the petitioner makes a strong argument for no cognizable claim for the survival action, or at least a questionable and/or not very fruitful recovery, we find there is some loss attributable thereto. Furthermore, to ignore a proposed survival action, or to allow a withdrawal of such a claim, would require the court to ignore the basis upon which settlement was reached, including the economic report prepared for purposes of litigation. Therefore, we cannot grant the petitioner’s request for 100% to wrongful death; but we find 85% to be appropriate under the circumstances.
*512 ORDER
And now, this 6th day of February, 2015, following a hearing on the petition for approval of settlement of doubtful survival claim, it is ordered and decreed as follows:
Tarra Marie Zaleski, as administratrix of the estate of Thomas J. Zaleski, is authorized to compromise all claims against Donegal Mutual Insurance Company for the sum of $157,500.00 in exchange for a release of all claims against Donegal Mutual Insurance Company to be allocated 85% to the wrongful death claim and 15% to the survival claim.
The attorney’s fee of 33 1/3% of the gross recovery agreed to by the estate is hereby approved and shall be charged against the wrongful death and survival actions in the same 85-15 split. Costs of litigation shall be apportioned in the same manner.
Petitioner (plaintiff in the underlying suit) shall file a discontinuance of the case upon payment of the settlement reached with Donegal Mutual Insurance Company.